IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

Krista B.,[1]                                                       No. 3:20-cv-01822-HL

                           Plaintiff,                               **OPINION AND ORDER**

            v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

                           Defendant.
_____

HALLMAN, United States Magistrate Judge:

        Plaintiff Kristen B. brings this action under the Social Security Act (the "Act"), 42 U.S.C.

§ 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the

"Commissioner").  The Commissioner denied Plaintiff's application for Disability Insurance

Benefits ("DIB") and Social Security Income ("SSI") under Title II of the Act.  42 U.S.C. § 401

_____

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the
last name for non-governmental parties and their immediate family members.

*et seq.*  For the following reasons, this case is REVERSED and REMANDED for calculation and payment of benefits.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion."  *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").  "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

# BACKGROUND

## I.    Plaintiff's Application

Plaintiff alleges disability based on multiple sclerosis; blurred, double, graying vision; eye pain optic neuritis; severe fatigue; leg and calf spasms; bladder and rectal numbness; anxiety and depression; acute memory loss; inability to process information in a normal fashion; intermittent numbness in hands, feet, and back; and insomnia due to body pain. Tr. 191.[2] At the time of her amended alleged onset date, she was 39 years old. Tr. 67. She has a high school diploma and past relevant work experience as a collections clerk. Tr. 21.

Plaintiff protectively applied for DIB on May 7, 2018, alleging an initial onset date of August 20, 2014. Tr. 171. Her application was denied initially on May 1, 2019, and on reconsideration on December 19, 2019. Tr. 13. Plaintiff subsequently requested a hearing, which was held on July 7, 2020, before Administrative Law Judge ("ALJ") John Michaelsen. Tr. 23. Plaintiff appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"), Robyn Rebers, also testified. Tr. 13. At the hearing, Plaintiff amended her alleged onset date to December 22, 2017. Tr. 13. On August 4, 2020, the ALJ issued a decision denying Plaintiff's claim. Tr. 23. Plaintiff requested Appeals Council review, which was denied on September 25, 2020. Tr. 1. Plaintiff then sought review before this Court.[3]

## II.    Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

---

[2] Citations to "Tr." are to the Administrative Record. (ECF 15).
[3] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 9).

determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person

is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At

step one, the Commissioner determines whether a claimant is engaged in "substantial gainful

activity"; if so, the claimant is not disabled.  *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b),

416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe

impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§

404.1520(c), 416.920(c).  A severe impairment is one "which significantly limits [the claimant's]

physical or mental ability to do basic work activities[.]"  20 C.F.R. §§ 404.1520(c) & 416.920(c).

If not, the claimant is not disabled.  *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one

of a number of listed impairments that the [Commissioner] acknowledges are so severe as to

preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the

claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at

141.  At this point, the Commissioner must evaluate medical and other relevant evidence to

determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related

activities that the claimant may still perform on a regular and continuing basis, despite any

limitations his impairments impose.  20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e),

416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past

relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant

can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the

Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other

work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§

404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets this burden, the claimant is not

disabled.  20 C.F.R. §§ 404.1566, 416.966.

## III.    The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity after her initial alleged onset date of August 2, 2014, through her date last insured.  Tr.

15.

At step two, the ALJ determined that Plaintiff has the following severe impairments:

"multiple sclerosis, cervical degenerative disc disease, depression, anxiety, and somatic

disorder."  Tr. 15.  The ALJ also found that Plaintiff had following non-severe impairments:

"history of disequilibrium and double vision."  Tr. 16.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically

equal the severity of a listed impairment.  Tr. 16-17.  The ALJ then assessed Plaintiff's residual

functional capacity ("RFC"), finding that Plaintiff

> had the residual functional capacity to perform sedentary work as defined in 20
> CFR 404.1567(a) except that she was limited to no more than occasional balancing,
> stooping, crouching, crawling, kneeling, and climbing of ramps or stairs. She was
> precluded from climbing ropes, ladders, or scaffolds, and she would need to avoid
> exposure to unprotected heights, moving machinery, and similar hazards. She
> would also need to avoid concentrated exposure to temperature extremes. She was
> further limited to simple, repetitive, routine tasks.

Tr. 17-18.

At step four, the ALJ found that Plaintiff could not perform her past relevant work.  Tr.

21.

But at step five—considering Plaintiff's age, education, work experience, and RFC—the

ALJ found that a significant number of jobs existed in the national economy that Plaintiff could

perform, including work as a document preparer, addresser, and callout operator.  Tr. 22.  Thus,

the ALJ concluded that Plaintiff is not disabled.  Tr. 22.

## DISCUSSION

Plaintiff contends that the ALJ committed four errors: (1) failing to obtain a reasonable

explanation from the VE regarding a conflict between her testimony—that Plaintiff could

perform occupations with a reasoning level of three—and Plaintiff's RFC that limited her to

simple, routine tasks; (2) discounting the testimony of Dr. Meghan Romba and Dr. Larry

Friedman and fully crediting the testimony from Dr. Susan Moner regarding Plaintiff's

functional limitations in the absence of substantial evidence; (3) failing to provide clear and

conflicting evidence for rejecting Plaintiff's subjective symptom testimony; and (4) failing to

include all supported functional limitations—including vison impairments and other

limitations—when considering Plaintiff's RFC.  Pl. Opening Br. 4-22, ECF 16.  As a result of

these alleged errors, Plaintiff asks this Court to remand for an award of benefits.  Pl. Opening Br.

26-27.

In response, the Commissioner has filed a motion for remand and agrees that ALJ's

decision was not supported by substantial evidence but disagrees on the remedy.  Def. Mo.

Remand 8-9, ECF 26.  The Commissioner asserts that the case should be remanded for further

proceedings because evidentiary conflicts exist in the record. *Id.* at 3-5. For the following

reasons, the Court agrees with Plaintiff.  Consequently, this case is remanded for calculation and payment of benefits.

## I.    The ALJ's Decision Unsupported by Substantial Evidence

Both Plaintiff and the Commissioner agree that the ALJ erred and that his decision was not supported by substantial evidence.  Pl. Opening Br. 4; Def. Mo. Remand 3.  Thus, the only question is whether the case should be remanded for further proceedings or for an award of benefits.  But this analysis cannot be completed before first determining, with specificity, the areas where the ALJ's decision was not supported by substantial evidence.  *See Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014) (explaining that in remanding for an award of benefits, a reviewing court must conclude that "the ALJ failed to provide legally sufficient reasons for rejecting evidence.").

On review, the Commissioner does not directly contest any of the specific errors that Plaintiff identifies.  However, the Commissioner only makes the following specific concessions: (1) the ALJ did not offer a reasonable explanation for the conflict between the VE's testimony and Plaintiff's RFC, and (2) the ALJ failed to include visual limitations in Plaintiff's RFC.  Def. Mo. Remand 5-9.  The Commissioner also concedes that "[c]onflicts exist with respect to the medical evidence and resultant limitations," *id*. at 4, but fails to offer further explanation as to what those conflicts may be.  The Commissioner also fails to respond to Plaintiff's arguments concerning the evaluations of Dr. Friedman and Dr. Moner or address the ALJ's rejection of Plaintiff's subjective symptom testimony.  *Id*.

On this record, the Court concludes that the ALJ erred in all areas that Plaintiff has identified, either based on the Commissioner's express concessions or because the Commissioner has failed to respond to Plaintiff's arguments.  This Court declines to independently review and

assess Plaintiff's arguments where the Commissioner has not done so on review.  Nor will this Court remand those issues to the ALJ for further consideration, thereby forcing Plaintiff to relitigate them.  *See Johnny T. v. Berryhill*, No. 6:18-CV-00829-AA, 2019 WL 2866841, at *2-3 (D. Or. July 2, 2019) ("[T]he Commissioner's failure to substantively respond to [the p]laintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues. . . . A contrary finding would force [the p]laintiff to relitigate the same issues if he appeals the ALJ's next decision when he has already spent the time and resources on those issues in this appeal.").

For these reasons, this Court concludes that a remand is appropriate for each of the reasons set forth by Plaintiff and will assess each of the ALJ's errors identified by Plaintiff when determining the proper remedy.

## II.    Determining the Appropriate Remedy

### A.    Applicable Law

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).  Generally, when the ALJ denies benefits and the court finds error, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"  *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met."  *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citations omitted). The credit-as-true standard is met if three conditions are satisfied:

> (1) the record has been fully developed and further administrative proceedings
> would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
> reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be
> required to find the claimant disabled on remand.

*Id*. at 1020 (citations omitted). Even when the credit-as-true standard is met, the district court

retains the "flexibility to remand for further proceedings when the record [evidence] as a whole

creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the

Social Security Act." *Id.* at 1021.

    **B.**    **Analysis**

    Here, the credit-as-true standard is met and, on this record, the Court has no serious

doubts as to whether Plaintiff is disabled.

    First, the record in this case has been fully developed. Both parties correctly note that

Plaintiff's date last insured was December 31, 2018, and an ALJ hearing was held on July 7,

2020. Def. Mo. Remand 7; Pl. Resp. Def. Mo. Remand ("Pl. Resp.") 3; ECF 26. The record in

this case was fully developed concerning Plaintiff's alleged disabilities during this timeframe,

and the Commissioner fails to identify—at least with any specificity—what additional evidence

would need to be presented on this issue. And in response to hypotheticals presented by

Plaintiff, the VE provided sufficient testimony to evaluate whether Plaintiff is disabled. Tr. 63-

64.

    Second, this Court has already concluded that the ALJ has failed to provide legally

sufficient reasons for rejecting Plaintiff's testimony and her providers' medical opinions.[4]

---

[4] In this analysis, the Court does not consider the ALJ's failure to obtain a reasonable
explanation for a conflict between the VE's testimony that Plaintiff could perform occupations
with a reasoning level of three despite her RFC limiting her to simple, routine tasks. Were that
the only error, the appropriate remedy would be a remand so that the ALJ could obtain that
explanation. *See Zavalin v. Colvin,* 778 F.3d 842, 846 (9th Cir. 2015).

Finally, this Court concludes that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  Either Plaintiff's fully credited symptom testimony or the report of Dr. Romba, standing alone, would be sufficient to compel a finding that Plaintiff is disabled.

Dr. Romba indicated that Plaintiff was limited to a less than eight-hour workday due to sitting, standing, and walking limitations; limited to lifting less than ten pounds; and limited in repetitive reaching, handling, and fingering.  Tr. 678.  Dr. Romba also noted that Plaintiff would require extra breaks due to muscle weakness, fatigue, cognitive difficulty, and visual problems; and would be absent from work more than two days per month as a result of her impairments and treatment. Tr. 678-79.

With respect to Plaintiff's subjective testimony concerning her physical condition, the ALJ noted that Plaintiff reported "constant pain in her back and legs, and she said that she could not stand or sit for long . . . intermittent numbness in her hands, fatigue, and body weakness. . . trouble completing personal care activities due to pain, and . . . difficulty lifting, squatting, bending, sitting, kneeling, talking, hearing, climbing stairs, and using her hands." Tr. 18.  The ALJ also stated that Plaintiff reported having "trouble with memory, along with difficulty completing tasks, concentrating, understanding, and following directions."  *Id.*

When this improperly discredited evidence is credited as true, the ALJ would be required to find Plaintiff disabled.  The VE testified that an individual who experienced the limitations set forth by Dr. Romba and described by Plaintiff regarding absences and extra breaks could not sustain competitive employment. Tr. 63-64.  Moreover, Dr. Romba's testimony regarding the limitations on fingering would exclude all but the callout operator position, which lacks sufficient jobs in the national economy.  *Id.*  When considering all Plaintiff's limitations—

including her inability to sit for long periods, her vision problems, fatigue, and issues with memory and concentration—it is readily apparent that she does not have the RFC to sustain competitive employment.

Because Plaintiff has satisfied the credit-as-true standard, and because the Court does not have serious doubt whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court REVERSES and REMANDS for calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 10th day of November, 2021.

ANDREW HALLMAN
United States Magistrate Judge